# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FESTUS OHAN,

                Plaintiff,

    v.

ANCHORAGE SCHOOL DISTRICT, *et al.*,

                Defendants.

Case No. 3:25-cv-00031-SLG

## **ORDER OF DISMISSAL**

On February 11, 2025, self-represented litigant Festus Ohan ("Plaintiff") filed a civil complaint and a civil cover sheet.[1] On February 14, 2025, Plaintiff paid the filing fee.[2] Plaintiff names the Anchorage School District and several of its employees, alleging wrongful dismissal, defamation, discrimination, and various other grievances. His narrative also includes claims against individuals not named as defendants, conclusory statements, baseless factual assertions, allegations that are not plausible on their face, and claims that appear to be time-barred. For relief, Plaintiff seeks damages of $10 million, letters of apology from unnamed individuals from California and other countries, and unidentified information "surrender[ed]" to him.[3]

---

[1] Dockets 1-2.

[2] Filing fee: $405, receipt number 100021949.

[3] Docket 1 at 6.

On February 18, 2025, the Anchorage School District filed a motion to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.[4] To date, Plaintiff has not responded, and his deadline has now passed.[5] While the Court may act with leniency towards a self-represented litigant, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska Local Civil Rules, and all Court orders.[6] Additionally, upon review, the Court agrees with the school district that the Complaint fails to state a plausible claim upon which relief may be granted. The Court further finds that amendment would be futile because Plaintiff's claims are frivolous.[7] For the reasons explained in this order, this case is DISMISSED with prejudice.

## DISCUSSION

Plaintiff alleges that he taught as a substitute teacher with the Anchorage School District at various times from November 2018 through November 22, 2024.

---

[4] Docket 4.

[5] District of Alaska Local Civil Rule 7.2(b)(1) (oppositions to motions brought under Fed. R. Civ. P. 12(b) must be filed and served within 21 days of service of the motion).

[6] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[7] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) (a claim is factually frivolous if it is "clearly baseless"); *see also Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible."); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (a court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit").

He states he was paid the regular day to day substitute teacher rate. He appears to assert that he should have been paid more for his work because he was not given a laptop, and because he came to Alaska from California because Nigerians "were offsetting [his] mails, burglarizing [his] homes, and cashing me out." He adds, "I am a nonhumam, see my curriculum vitae."[8] The Complaint includes allegations about migrant students passing "malodorous gas" for which Plaintiff claims he was falsely accused.[9] Diversity jurisdiction appears lacking as Defendants as well as Plaintiff are residents of Alaska.

Although Plaintiff's Complaint in this case names individuals he has not named in his previous cases, Plaintiff's claims are not new to the federal courts. The Court takes judicial notice[10] of the many similar claims Plaintiff has brought in federal court that have been dismissed for being incomprehensible or facially defective.[11] The Ninth Circuit has also dismissed Plaintiff's appeals as frivolous

---

[8] Docket 1 at 3.

[9] *See* Rule 8, Federal Rules of Civil Procedure. *See also Jones v. Cmty. Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir. 1984) (" 'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.' The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim." (citations omitted)).

[10] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024). S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[11] *See Ohan v. Rettig,* 3:22-cv-00011-SLG; *Ohan v. Zion, et al.,* 3:22-cv-00266-RRB; *Ohan v. Schmidt,* 3:22-cv-00182-JMK; *Ohan v. Rettig, et al.,* 3:23-cv-00046-SLG; *Ohan*

Case No. 3:25-cv-00031-SLG, *Ohan v. Anchorage School Board, et al.*
Order of Dismissal
Page 3 of 5

Case 3:25-cv-00031-SLG    Document 6    Filed 06/05/25    Page 3 of 5

and for failing to address the grounds for the trial court's dismissal of his action in his opening brief on appeal.[12]

Upon review, the Court finds the claims in this case to be frivolous.[13] Because Plaintiff continues to demonstrate an inability to follow the applicable federal and local rules and the directions of this Court and fails to present viable claims for the Court's adjudication, the Court finds that allowing Plaintiff leave to file an amended complaint would be futile. Therefore, this case is DISMISSED with prejudice.

## WARNING RE FUTURE FILINGS

Under Rule 11 of the Federal Rules of Civil Procedure, a court may impose sanctions for the filing of documents by litigants, including self-represented litigants, that are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and a

---

*v. American Medical Association, et al.,* 3:23-cv-00047-SLG; *Ohan v. Fontoura,* 3:22-cv-00207-RRB; *Ohan v. ABN AMRO, et al.,* 3:22-cv-00212-RBB; *Ohan v. U.S. Department of Justice, et al.,* 3:22-cv-00221- RRB; *Ohan v. North Atlantic Treaty Organization, et al.,* 3:22-cv-00226-RRB; *Ohan v. Duruhesie, et al.,* Case No. 3:23-cv-00176-SLG.

[12] *See, e.g., Ohan v. Duruhesie,* Case No. 23-2769, 2024 WL 3189657, at *1 (9th Cir. May 31, 2024) (dismissing the appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)), *cert. denied,* 145 S. Ct. 354 (2024); *Ohan v. Zion,* Case No. 23-35435, 2024 WL 2828818, at *1 (9th Cir. June 4, 2024) (dismissing the appeal after finding Plaintiff failed to address the trial court's grounds for dismissal in his opening brief and therefore forfeited his challenge to the district court's order), *cert. denied,* 145 S. Ct. 406 (2024).

[13] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (holding a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional").

court may impose sanctions when a litigant files a document with the court that lacks factual contentions that have evidentiary support. Plaintiff must not file any future Complaints for which he lacks a sufficient legal and factual basis. **The Court cautions that if Plaintiff continues his current filing practices, further restrictions may be imposed, including but not limited to the entry of a prescreening order applied to vexatious litigants.**

**IT IS THEREFORE ORDERED:**

1. Defendant Anchorage School District's motion to dismiss at Docket 4 is **GRANTED**.

2. This case is DISMISSED with prejudice as frivolous.

3. The Court finds permitting leave to file an amended complaint would be futile.

4. All other pending motions are **DENIED as moot**.

5. The Clerk shall issue a final judgment and close this case.

DATED this 5th day of June 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00031-SLG, *Ohan v. Anchorage School Board, et al.*
Order of Dismissal
Page 5 of 5
Case 3:25-cv-00031-SLG   Document 6   Filed 06/05/25   Page 5 of 5